SAMUEL O. DEARBORN & another *vs.* FRANCIS BOWMAN.

A note given by a candidate for an elective office in payment of services in promoting his election, but which were not rendered at his request, is void for want of consideration.

ASSUMPSIT on a note in these terms : "June 17, 1839 I promise to pay Dearborn & Bellows sixty dollars in ninety days, value received. Bowman." Defence, want of consideration. The case came before this court upon a statement of the testimony given in the trial thereof in the court of common pleas, which the parties agreed should be taken as a statement of the facts of the case. That statement was as follows :

"The defendant, to show that there was no consideration for the note, introduced Gen. Thomas A. Staples as a witness, who testified that at the democratic county convention held in October 1837, in the county of Middlesex, the defendant was nominated, as one of the candidates of the democratic party, for election to the state senate from the county of Middlesex, at the following November election ; and that at the same convention the witness was chosen a member, and made chairman, of the democratic county committee for said county, for the ensuing year : That it was the duty of said committee to procure, and cause to be printed and circulated in the county, previous to the election, such papers, addresses and documents, as would best promote the success of the democratic party, and secure the election of its candidates to office : That the plaintiffs, by the request of the witness, furnished extra papers to the amount of $105, during the months of October and November, and on or about the 16th of November 1837, they rendered their bill to him for the same, and the bill was charged to, and made out against, the democratic county committee. The witness said it was customary, he believed, for the committee, after an election, to collect the bills of expenses attending the canvass, and apportion the amount among the candidates of the party, who usually paid their respective proportions ; especially if they were elected. The defendant was not elected to the senate in 1837,

but had been the year previous. The witness said that the defendant had not paid any thing on account of the expenses of the election in 1837 ; that he had never spoken to or had any acquaintance with him, until since the commencement of this action ; that he had never agreed to pay, nor given the witness to understand that he would pay any thing on account of said expenses ; that there was no subscription paper, or other written or verbal engagement, by which he had promised to pay ; that the witness had paid $ 142 from his own funds towards defraying the expenses of the election in 1837, and that he had no legal claim upon the defendant, or any other person, for contribution ; that if the defendant should offer to pay him $ 60, or any other sum, he should take it. The witness said that the extra papers, furnished by the plaintiffs, [and in part payment of which it is agreed, by the parties, that the note in suit was given] were furnished by his order ; that the plaintiffs had repeatedly called on him, as chairman, to pay the bill, before the date of said note ; that the defendant had never requested or authorized him to procure or furnish any printing or papers, on his account or credit. He also said he could not say but that he had authorized the plaintiffs to collect of the defendant his proportion of the expenses.

" Aaron Dow testified that the plaintiffs, or one of them, had often called on the defendant for his share or proportion of the expenses of the election in 1837 ; that the defendant said he was not bound, or was not liable to pay any thing, but would do what was proper, and would pay, if it was right that he should. The witness was present when the note in suit was given. The defendant refused to make the note payable to order, because he doubted to whom he was bound to pay it ; whether to Staples or the plaintiffs. At the time the note was given, or at one of the times when one of the plaintiffs called on the defendant he (the plaintiff) said that the plaintiffs had no legal claim against the defendant ; and he produced no bill. He said he was authorized to collect of the defendant his proportion of the expenses, by the chairman of the county committee.

" B. E. Hale testified that he was chairman of a committee

in 1839, appointed at a convention of the democratic party, that year, to collect the arrearages of bills from the candidates for office, and pay the expenses of the elections held prior to that time : that he wrote to the defendant for his proportion, but received no answer : That he afterwards saw the defendant, conversed with him on the subject, and the defendant said he would pay, if it was proper that he should ; and in a conversation holden with the defendant subsequently, the defendant said he would pay. The witness, after that, gave Bellows, one of the plaintiffs, a written order on the defendant for his assessment, sometime before the date of the note in suit. The witness said he heard Gen. Staples authorize the plaintiffs to collect of the defendant his proportion of the expenses ; and the witness said it was customary for the candidates of the party to pay the expenses."

*J. G. Abbott*, for the plaintiffs.

*Buttrick*, for the defendant.

SHAW, C. J.   The defence to the action to recover the amount of this note is want of consideration. It is manifest from the note itself, that it is not a negotiable instrument, being payable neither to order nor to bearer ; indeed it appears by the case, that the defendant declined making it negotiable. But total want of consideration is a good defence even to an action on a negotiable note, when brought by the promisee against the maker. Then the question is, whether upon the facts shown, any consideration appears for this promise. The note was given in consequence of services before that time performed by the plaintiffs, in printing and circulating extra papers and documents, previously to an election of state senators, at which the defendant was a candidate. Such services imposed no obligation, legal or moral, on the defendant ; and it would be somewhat dangerous to hold that they created any honorary obligation on him to pay for them. Nor would it be aided in a legal view, by a previous custom, if proved, for candidates to contribute to the payment of similar expenses, whether successful or otherwise in the election.

Nor were these services performed at the request of the defendant. On the contrary, it appears by the evidence that they

were performed by Gen. Staples, chairman of the county committee, who alone was responsible for the payment, and between whom and the defendant, there was no privity, nor even any communication, until long after the services had been performed. The rule of law seems to be now well settled — though it may have formerly been left in doubt — that the past performance of services constitutes no consideration even for an express promise, unless they were performed at the express or implied request of the defendant, or unless they were done in performance of some duty or obligation resting on the defendant. *Mills* v. *Wyman*, 3 Pick. 207. *Loomis* v. *Newhall*, 15 Pick. 159. *Dodge* v. *Adams*, 19 Pick. 429. As the services performed by the plaintiffs were not done at the request of the defendant; as they were not done in the fulfilment of any duty or obligation resting on him ; there was no consideration, to convert the express promise of the defendant into a legal obligation.

Another ground, however, was taken in behalf of the plaintiffs, which was, that the discharge by the plaintiffs, of their legal demand against Staples, was a good consideration for the defendant's promise to them. If such discharge was in fact given, and given at the defendant's request ; or if the defendant had promised to pay, if they would discharge Staples *pro tanto*, and they did discharge him ; it would have been a good consideration for the defendant's promise. But there is no evidence to establish the fact.

The court are of opinion that there was no legal consideration for the defendant's promise, and that no action can be maintained upon it.

*Plaintiffs nonsuit.*